IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE FRY, | Civil Action |
| Plaintiff, | No.   3:21-cv-157 |
| v. | |
| DVA RENAL HEALTHCARE, INC.<br>d/b/a DAVITA KIDNEY CARE, | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Denise Fry, by undersigned counsel, files this Civil Complaint and in support states the following:

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 7 of the Age Discrimination in Employment Act, 29 U.S.C. §626(c)(1); 28 U.S.C. §§1331 and 1343(a)(4).

2. Plaintiff has satisfied all procedural and administrative requirements set forth in 29 U.S.C. §626 in that:

   a. On June 9, 2021 Plaintiff filed a timely charge alleging age discrimination with the Equal Employment Opportunity Commission (EEOC) and cross filed with the Pennsylvania Human Relations Commission;

   b. The EEOC issued a Notice of Right to Sue on August 26, 2021; and

   c. This case is filed within 90 days of receipt of the Notice of Right to Sue.

### II. The Parties

3. Plaintiff, Denise Fry ("Fry"), is an adult individual who resides a 324 Fox Den Road, Clearfield, Clearfield County, PA 16830. She is 61 years old.

4. Defendant, DVA Renal Healthcare, Inc. d/b/a Davita Kidney Care is a

corporation with its principal place of business at 8866 Clearfield Curwensville Highway, Clearfield, Clearfield County, PA 16830.

5. At all times relevant to this case, Defendant was an employer within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. §630(b).

6. At all times relevant to this case, Defendant acted or failed to act by and through its duly authorized agents, servants, and employees, who conducted themselves within the scope and course of their employment.

### III. Factual Background

7. Fry worked for Defendant from December 16, 2019 until August 13, 2021.

8. Fry was employed as a Patient Care Technician until she was placed in a temporary Covid screening position pending a final termination date.

9. Ms. Fry's previous manager left the company in February 2021.

10. Brendan Goldizen ("Goldizen") was appointed as interim manager. He often criticized Fry's inability to "keep up due to [her] age".

11. On several occasions, Goldizen made comments to Fry that her age has affected her performance.

12. Goldizen also reprimanded Fry for making mistakes that others made and were not reprimanded for making.

13. On May 14, 2021 Fry was told she would be terminated due to her inability to "keep up due to [her] age".

14. Goldizen stated Defendant should have never hired Fry as her position was better suited for a 22-year-old, not a 60-year-old.

15. Despite Fry's alleged inability to perform job duties effectively, Goldizen then

requested Fry fill in for another Patient Care Technician for the following week.

16. Goldizen told Fry that her performance was not a concern with respect to her filling in.

17. Fry's position was posted later that day and she was subsequently replaced with a substantially younger employee.

18. Fry was told her employment was being terminated but offered a temporary position as a Covid Screener with significantly less hours until her employment ended.

19. Fry worked that temporary position until August 13, 2021 when her employment ended.

**Count I**
**ADEA**

20. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 as if fully restated herein.

21. Defendant removed Fry from the Patient Care Technician position and then fired her because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C §623(a)(1)

22. Defendant's violation of the ADEA was willful.

WHEREFORE, Fry demands judgment as follows:

 a. That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training, and seniority;

 b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied at the time of her termination;

c. That Defendant be required to reinstate Plaintiff's pension standing, including an uninterrupted reinstatement of her seniority and vesting;

d. That Defendant be required to provide Plaintiff with front pay in the event reinstatement is not feasible;

e. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

f. That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §§626(b) and 216(b);

g. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

i. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

**EDGAR SNYDER & ASSOCIATES**

/s/ Ryan M. Carroll
Ryan M. Carroll
Pa. I.D. No. 205851

US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA  15219
(412) 394-4496

Attorney for Plaintiff